IN THE UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB - 2 2005

Michael N. Milby
Clerk of Court

CHRISTINE FABIOLA CAVAZOS *
a minor, by and through her Mother, *
ELIDA QUINTERO, *
    Petitioner, *
     *  CIVIL ACTION NO. B - 04 - 109
v. *
     *
COLIN POWELL, United States Secretary *
of state, and the UNITED STATES OF *
AMERICA, *
    Respondents. *

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(F)
## FEDERAL RULES OF CIVIL PROCEDURE

**1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

Counsel for Plaintiff and counsel for Defendants participated in an office conference on January 7, 2005. During the conference, matters concerning Rule 26 (f) were discussed.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None

**3. Specify the allegation of federal jurisdiction.**

Plaintiffs assert jurisdiction under 28 U.S.C. sec. 2241; 1331, 1346 (a) (2) and 2201 and 8 U.S.C. 1503.

**4. Name the parties who disagree and the reasons.**

Defendants do not believe jurisdiction exist under 28 U.S.C. sec. 2201(declaratory judgment act) because this section provides only a procedural remedy and does not in itself establish subject-matter jurisdiction. Further, Defendants do not believe jurisdiction exist under 28 U.S.C. sec. 1331, 1346(a)(2) and 2241 since Congress has provided specific jurisdiction in cases of this nature under the provisions of 8 U.S.C. sec. 1503(a) and therefore, it is inappropriate to provide supplemental jurisdiction under other grants of federal court jurisdiction.

**·5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**
None

**6. List anticipated interventions.**
None

**7. Describe class-action issues.**
None

**8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**
The parties anticipate that the disclosures required by Rule 26 will be made within 30 days after the court rules on the Motion for Summary Judgment Defendants anticipate filing.

**9. Describe the proposed agreed discovery plan, including:**(Defendants anticipate filing a motion for summary judgment and the discovery plan set out below is contingent upon a ruling denying summary judgment.)

**A. Responses to all the matters raised in Rule 26(f).**
A plan for completion of discovery has been devised, as set out below but not much discovery is anticipated.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**
Plaintiff anticipates sending interrogatories to Defendants, if necessary, within one month after a scheduling order is entered.

**C. When and to whom the defendant anticipates it may send interrogatories.**
Defendants anticipate sending interrogatories to Plaintiff, if necessary, within two months after a scheduling order is entered and the Court has ruled on the summary judgment.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**
Plaintiff anticipates taking the deposition of Defendants, if necessary, within three months after the entry of a scheduling order in this case.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the deposition of Plaintiff, if necessary, within four months after the entry of a scheduling order in this case and the court has ruled on the motion for summary judgment.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates designating experts, if any, within four months after the ruling on the motion for summary judgment and will provide any reports at the time of designation. Defendants anticipate designating experts, if any, within five months after the ruling on the motion for summary judgment and will provide any reports at the time of designation.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the deposition of all persons designated as experts by Defendants within 6 0 days after they have been designated.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking the deposition of all persons designated as experts by Plaintiff within 60 days after they have been designated.

**10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement regarding discovery as set forth herein.

**11. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None

**12. State the date the planned discovery can reasonably be completed.**

Discovery should be completed within 6 months after the court issues a ruling on the Motion for Summary Judgment that will be filed by Defendants(assuming the motion is not granted).

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

None were discussed at this time.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution.**
Defendants will file a Summary Judgment which they believe is meritorious and will result in a prompt resolution of the case. Plaintiff does not agree the motion has merit and anticipates filing a response to the motion.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**
We are unable to determine at this time.

**16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**
The parties are not in agreement to trial of this case before a Magistrate Judge.

**17. State whether a jury demand has been made and if it was made on time.**
No

**18. Specify the number of hours it will take to present the evidence in this case.**
The parties anticipate it will be between 8 to 12 hours to present the evidence in this case.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**
Defendants will file a Motion for Summary Judgment.

**20. List other motions pending.**
None

**21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**
None

**22. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiffs

_____ Date 1/31/05
JAIME DIEZ
Attorney at Law
Jones & Crane
862 W. Price Road
Brownsville, TX 78520
Federal Id: 23118
Texas State Bar: 24044-793966
(956) 968 - 5468
(956) 969 - 0118


Counsel for Defendant

_____ Date 1/31/05
Rene Carlo Benavides
Assistant United States Attorney
State Bar No. 24025248
Federal No.   26215
McAllen Division, SDTX
1701 W. Business 83, Suite 600
McAllen, Texas 78501
Phone: 956-618-8010
Fax:    956-618-8016